UNITED SEEDS, INC., A CORPORATION, APPELLEE, V. ED HOYT, DIRECTOR OF THE DEPARTMENT OF AGRICULTURE AND INSPECTION OF THE STATE OF NEBRASKA (PEARLE F. FINIGAN SUBSTITUTED IN LIEU OF ED HOYT, AS DIRECTOR OF THE DEPARTMENT OF AGRICULTURE AND INSPECTION), ET AL., APPELLANTS.

96 N. W. 2d 404

Filed May 8, 1959. No. 34542.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for appellants.

*Marti, O'Gara, Dalton & Sheldon* and *Fitzgerald, Hamer, Brown & Leahy,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

Yeager, J.

This action, as presented to this court, is one by United Seeds, Inc., a corporation, plaintiff and appellee, against Pearle F. Finigan, Director of the Department of Agriculture and Inspection of the State of Nebraska, the Department of Agriculture and Inspection of the State of Nebraska, and Russell I. Nash, Chief of the Weed and Seed Division of the Department of Agriculture and Inspection of the State of Nebraska, defendants and appellants, to have adjudged and decreed that the defendants lack power, authority, or jurisdiction to forbid, prohibit, or interfere with the use of language similar to the following: "UNITED SEEDS, INC., warrants to the extent of the purchase price that seeds or bulbs sold are as described on the container within recognized tolerances. Seller gives no other or further warranty, expressed or implied," in the labeling of agricultural seed sold, exposed, or offered for sale within the State of Nebraska, and that on final hearing a permanent injunction be granted enjoining the defendants and each of them from the issuance of stop-sale orders, from instituting prosecutions, and from any other actions against the plaintiff based solely upon or arising out of the fact that the plaintiff sells, exposes, or offers for sale seed in containers to which there is affixed tags or labels containing language similar to that which has been set forth herein.

The case was tried to the court at the conclusion of which a decree was rendered granting the relief prayed by the plaintiff. A motion for new trial was filed which motion was overruled. From the decree and the order overruling the motion for new trial the defendants have appealed. They contend that the court erred in granting the relief prayed.

The question of whether or not the decision is erroneous depends upon a proper interpretation and application of what is now section 81-2,137.01, R. R. S. 1943. This section is a part of what has been denominated "The Nebraska Seed Law." The first paragraph of the

section is as follows: "Each container of agricultural or vegetable seed, which is sold, offered for sale or exposed for sale within this state for sowing purposes, shall bear thereon or have attached thereto in a conspicuous place a printed label or tag in the English language, giving the following information: * * *."

The plaintiff is a corporation engaged in the business of selling, offering for sale, and exposing for sale within the State of Nebraska agricultural seed within the meaning of this statutory provision.

Following the quoted paragraph is the following: "(1) For agricultural seed: * * *." Following this are subparagraphs from (a) to (i) inclusive, setting forth in specific detail what the label shall contain. All of these except the one denoted as (i) relate to the qualities required of seed and description of these qualities which must appear on the label or tag. Nothing further is required herein as to these since the defendants have agreed that the plaintiff, in the conduct of its business, placed on its labels and tags all that was required by these provisions, and the plaintiff concedes the right of defendants to make these exactions. It appears well to state here also that the statute contains no other exactions which are referable to the quality of agricultural seed sold, offered, or exposed for sale.

Subparagraph (i) is as follows: "(i) The name and address of the person who labeled said seed or who sells, offers or exposes said seed for sale within this state. No tag or label shall be affixed to any package or container of agricultural seed or mixture thereof, unless the same has been approved by the Department of Agriculture and Inspection."

It is under this provision that the defendants contend that they have the right to disapprove tags or labels containing a declaration of warranty and to issue stop-sale orders when seed tags or labels contain thereon a declared limit of warranty.

It is pointed out here that the statute does not by any

language declare any right of any of the defendants to impose such a restriction upon the plaintiff or anyone similarly situated as to what shall appear on agricultural seed tags or labels. In actuality the defendants simply assume that since the Legislature said: "No tag or label shall be affixed to any package or container of agricultural seed or mixture thereof, unless the same has been approved by the Department of Agriculture and Inspection," the department has the power to do and perform the thing sought to be enjoined, even though the tag and label proposed complied with all of the positive requirements of the act.

The substantial theory of the defendants, insofar as the action here is concerned, is that limited warranties were illegal; therefore they had the right, without a grant of authority, to prevent the tender of a limited warranty by the seller to the purchaser of seed.

The theory is unsound in the first place since a contractual limitation of warranty relating to quality of seed is not unlawful, and notice of limitation of warranty to the purchaser at the time of sale creates a valid contractual arrangement. Kennedy v. Cornhusker Hybrid Co., 146 Neb. 230, 19 N. W. 2d 51, 160 A. L. R. 351. In that case this court approved the legality of limitation of warranties of the quality of seed and in that approval and as a ground therefor quoted section 69-471, R. R. S. 1943, which is a provision of the "Uniform Sales Act" as follows: "Where any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale."

This provision of the statute and the cited case deny the right of the defendants to defend here on the ground that the proposed declaration of limitation of liability amounted to an illegal and void contract.

The next pertinent inquiry is that of whether or not

the proposed limitation was violative of public policy and as such subject to prohibition by the department.

Public policy has been defined in varying terms but a definition which has been accepted in numerous jurisdictions is as follows: "That principle of the law which holds that no subject can lawfully do that which has a tendency to be injurious to the public or against the public good. * * * The principles under which the freedom of contract or private dealings is restricted by law for the good of the community." Black's Law Dictionary (3d Ed.), p. 1374.

It may be said with certainty that the act contains no specific declaration of public policy in this connection. Does it by reasonable inference or implication contain such a declaration? We think not.

Examination discloses that the act relates solely and alone to the burdens which the department may impose upon sellers and distributors of seed prior to sale and distribution, the steps which the department may take for failure of performance of the burdens, and penalties provided in case of sale and distribution in violation of the burdens imposed. The title to the act, which was enacted as Laws of 1945, chapter 237, page 699, contemplates no other or greater burdens. There is nothing in the act or its title which specifically gives or purports to give the department any control over or voice in the rights and liabilities between a seller and purchaser of seed. Likewise there is nothing which either by inference or implication gives the department any such control. It is therefore impossible to find a source from which it could be said that there was a declaration of public policy which would permit or require the defendants to reject the declaration of limited warranty which plaintiff intended to place upon its tags or labels.

As already pointed out a contractual limitation of warranty is not contrary to law. This being true it may not be said that there is anything flowing from the contract which makes it contrary to public policy. This

court said in Stroemer v. Van Orsdel, 74 Neb. 132, 103 N. W. 1053, 4 L. R. A. N. S. 212, 121 Am. S. R. 713: "While public policy forbids the enforcement of an illegal or immoral contract, it is equally insistent that those which are lawful and contravene none of its rules be duly enforced, and not set at naught or held invalid on a bare suspicion of illegality."

There being nothing in law which prohibits a contractual limitation of warranty as to the quality of agricultural seed, nothing in the act in question which authorized the Department of Agriculture and Inspection to make or establish any rules or regulations in relation thereto, and nothing in the act or decisions of this court announcing a public policy which would permit the department to make rules with reference to contractual limitation of warranty, it must be said that the defendants were without power to impose and enforce the proposed prohibition against limitation of warranty. State ex rel. Chamberlin v. Morehead, 99 Neb. 146, 155 N. W. 879; State ex rel. Woolridge v. Morehead, 100 Neb. 864, 161 N. W. 569, L. R. A. 1917D 310.

Therefore the exactions of the defendants which the plaintiff seeks to enjoin by this action are beyond their power to make and enforce, and the approval or disapproval of that part of the proposed tags or labels containing the limitation of warranty is a matter concerning which the defendants have no jurisdiction. It follows in the light of the presentations made here by the parties that the decree of the district court should be and it is accordingly affirmed.

AFFIRMED.